**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| **BUTTER & EGGS SOUTHERN DESSERTS, INC. and WILLIE L. ARMSTRONG**<br>**Plaintiffs,** | ) | |
| v. | ) | **Civil Case No. 4:26-cv-01356**<br>**Jury Trial Demanded** |
| **CITY OF ST. JOHN, MISSOURI; ST. LOUIS COUNTY, MISSOURI; WILLIAM E. BALES; DAVID CAMPBELL; HARDY C. MENEES; ROBERT H. MENEES; and CHASE T. WELLINGTON;**<br>**Defendants.** | ) | |

**Plaintiffs' Original Complaint**

Plaintiffs, Willie Armstrong and Butter & Eggs Southern Desserts, Inc., file this Original Complaint against Defendants City of St. John, Missouri; St. Louis County, Missouri; William E. Bales; David Campbell; Hardy C. Menees; Robert H. Menees; and Chase T. Wellington. In support of this Original Complaint, Plaintiffs state:

## PARTIES

1. Plaintiff Willie Armstrong is an individual residing in Saint Louis County, Missouri.

2. Plaintiff Butter & Eggs Southern Desserts, Inc. is a Missouri for-profit corporation with its principal place of business located at 11710 Administration Drive, Suite 12, Saint Louis, Missouri 63146.

3. Defendant City of St. John, Missouri is a municipal corporation located in St. Louis County, Missouri. Defendant may be served with process through its Mayor, Mary Halaska, 8944 St. Charles Rock Road, St. John, Missouri 63114.

4. Defendant St. Louis County, Missouri is a political subdivision of the State of Missouri. Defendant may be served with process through its County Clerk, Diann L. Valenti, 41 South Central, 1st Floor, Clayton, Missouri 63105.

5. Defendant William E. Bales, an individual, served as the City Manager/Chief Administrative Officer of the City of St. John, Missouri, beginning June 5, 2023, and is sued in both his individual and official capacities. Defendant may be served with process at 8944 St. Charles Rock Road, Suite 100, St. John, Missouri 63114.

6. Defendant David Campbell, an individual, served as the City Manager/Chief Administrative Officer of the City of St. John, Missouri, from April 2024 to August 2024, and is sued in both his individual and official capacities. Defendant may be served with process at 7700 Natural Bridge Road, Normandy, Missouri 63121.

7. Defendant Hardy C. Menees, an individual, served as Legal Officer/City Attorney for the City of St. John, Missouri, and is sued in both his individual and official capacities. Defendant may be served with process at 121 West Adams Avenue, Saint Louis, Missouri 63122.

8. Defendant Robert H. Menees, an individual, served as an Attorney for the City of St. John, Missouri, and prosecuted the underlying unlawful detainer lawsuit, and is sued in both his individual and official capacities. Defendant may be served with process at 121 West Adams Avenue, Saint Louis, Missouri 63122.

9. Defendant Chase T. Wellington, an individual, served as the Public Works Director of the City of St. John, Missouri, and is sued in his individual and official capacities. Defendant may be served with process at 211 Brookview Way Court, O'Fallon, Missouri 63366.

## JURISDICTION AND VENUE

10. This Court has subject-matter jurisdiction over Plaintiffs' federal claims under 28 U.S.C. § 1331 because this action arises under the Constitution and laws of the United States.

11. This Court has subject-matter jurisdiction over Plaintiffs' claim for violation of 42 U.S.C. § 1983 under 28 U.S.C. § 1343(a)(3), which grants district courts original jurisdiction to redress the deprivation, under color of state law, of any right, privilege, or immunity secured by the Constitution of the United States.

12. This Court has supplemental jurisdiction over Plaintiffs' state-law claims under 28 U.S.C. § 1367(a) because those claims are so related to Plaintiffs' federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

13. Venue is proper in this Court under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the Eastern District of Missouri and because Defendants reside in this judicial district.

14. Further, Plaintiffs have satisfied all pre-suit notice requirements.

## FACTUAL ALLEGATIONS

15. Plaintiff Willie Armstrong ("Armstrong") is an African American businessman with over 25 years of experience in the food industry.

16. Armstrong and his wife, Christina Armstrong, formed the for-profit corporation Butter & Eggs Southern Desserts, Inc. on June 19, 2000, to operate a wholesale bakery business,

to sell and distribute bakery products, and to build and lease facilities to house the bakery operations.

17. On or about August 1, 2000, less than two months after forming the bakery business, Armstrong, as President of Butter & Eggs Southern Desserts, Inc. ("BESD"), executed a lease agreement (the "Lease Agreement") for Room 104 located on the premises at 8762 St. Charles Rock Road, St. John, Missouri (the "Leased Premises") (Locator No. 14K231375) with Defendant City of St. John, Missouri (the "City") as landlord.

18. The Leased Premises consisted of an office building (Locator No. 14K230835) and a parking lot (Locator No. 14K231412).

19. Armstrong operated the bakery at the Leased Premises until October 30, 2025, when the City retook possession through an unlawful eviction.

20. The Lease Agreement provided that the initial lease term was three years, commencing on August 15, 2000, and ending on July 31, 2003, with an option to renew for two successive five-year terms.

21. On or about June 13, 2003, Armstrong exercised his first option to renew the Lease Agreement for a five-year first renewal term at an annual rental of $4,050.00, payable at $337.50 per month, commencing on August 1, 2003, and terminating on July 31, 2008.

22. On or about July 17, 2008, Armstrong exercised his second option to renew the Lease Agreement for a second renewal term of five years, with an annual rental of $4,252.50, payable at $354.38 per month, commencing on August 1, 2008, and terminating on July 31, 2013.

23. On or about July 10, 2013, Armstrong was offered and accepted a third five-year renewal term with no increase in the monthly rent.

24. After the third five-year renewal term expired in 2018, Armstrong continued to lease on a month-to-month basis.

25. Under Article 2.3(b) of the Lease Agreement, BESD was required to pay, as additional rent, a proportionate share of the real estate taxes for the Leased Premises, as billed by the St. Louis County, Missouri, Collector.

26. Article 3.3 of the Lease Agreement required the City to comply with all laws and other legal requirements of state, federal, municipal, or other agencies or bodies having jurisdiction over the use, operation, condition, or occupancy of the property.

27. Article 3.3 further provided that the City "covenants to enforce the rules and regulations in a fair and equitable manner as to all tenants and other occupants of the Property."

28. The building at 8762 St. Charles Rock Road contained multiple for-profit commercial tenants, including BESD, North Insurance Agency, Inc. (Locator No. 14K231386, Room 102), Sappington Insurance Services (Locator No. 14K231386, Room 102), Capital International Communications (Locator No.14K231397, Room 101), and Essential N.A. Academy (Locator No. 14K231397, Room 101). Ritenour Adult Learning Center also occupied the property.

29. On June 19, 2024, Armstrong emailed Defendant David Campbell stating that St. Louis County had not been provided with information about other businesses occupying the property as tenants, which was needed to bill them for their proportionate share of the real estate taxes on the property. At this time, St. Louis County records reflected only BESD and North Insurance Agency Inc.

30. Armstrong further told Defendant David Campbell that Michael O'Neil, a St. Louis County employee, stated that Armstrong had paid the full amount due for real estate taxes

in 2023. He paid $1,709.53 on December 31, 2023. Armstrong again requested equitable treatment for his tenancy.

31. On December 28, 2024, Armstrong forwarded the same email to Defendant William Bales, requesting a meeting to address the real estate tax issue.

32. Defendant William Bales assured Armstrong that he would meet with Armstrong after January 2025, following a meeting between Defendant William Bales and Defendant Hardy Menees with St. Louis County.

33. Based on this information, Armstrong applied for and obtained a 2025 Wholesale Baker Business License on March 13, 2025. Armstrong also submitted a rent payment of $354.38 (Check No. 3207), which was cashed on April 10, 2025.

34. On April 23, 2025, Armstrong emailed Defendant William Bales, expressing concern about St. Louis County's notice that the building at 8762 St. Charles Rock Road (Locator No. 14K231386, Lot Pt 1) would be offered for sale at the August tax sale for the third and final time and sold.

35. St. Louis County stated that the tax sale resulted from unpaid real estate taxes owed by North Insurance Agency Inc., totaling $37,397.45 for tax years 2015 through 2024.

36. Armstrong further noted that North Insurance Agency Inc. was not an occupant of the Leased Premises and expressed concern about the impact of a tax sale on his wholesale bakery operations. Armstrong was current on all his tax obligations.

37. Under Article 13.4 of the Lease Agreement, all required notices are deemed to be delivered (whether or not actually received) two days after it is deposited in the United States Mail, postage prepaid, certified mail, return receipt required, addressed to the party at the proper address.

38. Two days after Armstrong's email, on April 25, 2025, Defendant William Bales emailed Armstrong a notice of lease termination.

39. The City's lease termination notice stated that BESD's lease would terminate ninety days from May 1, 2025, with an official end date of Thursday, July 31, 2025.

40. It further stated that the City agreed to waive the remaining three months' rent on the condition that BESD vacate the property by July 31, 2025.

41. In his email, Defendant William Bales further explained to Armstrong that the Ritenour School District would vacate by June 30, 2025, and that all other tenants should vacate by July 31, 2025.

42. On May 25, 2025, Charles Bussey, Armstrong's business advisor, emailed Defendant William Bales to request clarification on the allocation of real estate taxes under the Lease Agreement and to request that erroneous payments be returned. He also noted that the 90-day move-out period was a problem for BESD because of the health and safety inspections and occupancy requirements it would have to satisfy to secure a new location, and he asked about the City's relocation policy after determining that BESD lacked sufficient information to determine whether the policy had been triggered.

43. On May 28, 2025, Defendant William Bales instructed Charles Bussey to contact the St. Louis County Assessor about the tax issue and, regarding the City's relocation policy, he stated, "it typically applies when a federal, state, or local project impacts a property. . .there have been no such projects presented to the City that would necessitate the policy."

44. The City never disputed that it failed to require other tenants to pay their proportionate share of the property's real estate taxes.

45. During BESD's lease term, the St. Louis County Collector collected real estate taxes on behalf of the City of St. John.

46. Armstrong and Don W. Cook Sr., another African American businessman and owner of Capital International Communications, were the only two for-profit companies that were required to pay real estate taxes.

47. St. Louis County records indicate that 8762 St. Charles Rock Road (Locator No. 14K231421, Charlack Block 31 Lot 2 and Lot Pt 1) was offered for sale at the 1st and 2nd Tax Sales of 2025 and was subsequently purchased on August 28, 2025, by Bedrock Capital 2025 LLC from Ryan, LLC, US Cellular. Daniel Stehr of New Edge Construction formed Bedrock Capital 2025, a limited liability company, on June 10, 2025.

48. St. Louis County indicated that the tax sale resulted from unpaid real estate taxes owed by Ryan, LLC, US Cellular, totaling $10,134.16 for tax years 2022 through 2024.

49. On August 1, 2025, the City filed an unlawful detainer action against Armstrong and BESD in the St. Louis County Associate Circuit Court, Case No. 25SL-AC27481, seeking possession of the Leased Premises.

50. The City attached a copy of a purported lease dated August 1, 2000, to its Petition for Unlawful Detainer.

51. Armstrong and BESD filed a counterclaim, which the Court dismissed during the bench trial held on October 6, 2025.

52. During the City's case-in-chief, Defendant Robert Menees presented the purported lease to the Court through its witness, Chase Wellington, and again when he called Armstrong as a hostile witness.

53. When examined by Robert Menees, Armstrong stated that the purported lease contained forged signatures, omitted initials, and misaligned text.

54. On October 7, 2025, the court found BESD to be a holdover tenant and awarded the City possession of the Leased Premises and $3,713.78 in damages ($708.06 in rent and profits, $55.25 in court costs, and $2,925.00 in attorneys' fees).

55. On October 16, 2025, the City cashed five rent payments of $354.38 made by Armstrong:

a. Money Order No. 7795012083 dated July 29, 2025;

b. Money Order No. 7800411737;

c. Money Order No. 7800412068 dated September 25, 2025;

d. Money Order No. 7800411974; and,

e. Money Order No. 7800411816.

56. On October 31, 2025, the Court granted issuance of an Order for Execution in the Unlawful Detainer for Possession of Premises; however, the City broke into and took possession of the Leased Premises on October 30, 2025.

57. Armstrong was displaced after operating his wholesale bakery business at the Leased Premises continuously since August 2000.

**COUNT I — BREACH OF CONTRACT**

58. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

59. The Lease Agreement dated August 1, 2000, as renewed, constituted a valid and enforceable contract between BESD and the City.

60. BESD performed all obligations required under the Lease Agreement, including paying rent and real estate taxes.

61. The Lease Agreement required the City to comply with all laws and other legal requirements of state, federal, municipal, or other agencies having jurisdiction over the use, operation, condition, or occupancy of the property.

62. The Lease Agreement required the City to enforce its rules and regulations fairly and equitably for all tenants and other occupants.

63. The City's conduct violated the Lease Agreement in multiple respects, including:

a. By failing to ensure that other tenants were billed for and paid their proportionate share of the property's real estate taxes;

b. By failing to enforce its rules and regulations fairly and equitably for all tenants and other occupants;

c. By failing to provide proper notice of termination by certified mail, return receipt;

d. By terminating BESD's tenancy and causing it to lose possession of the Leased Premises; and,

e. By failing to provide truthful and accurate information pertaining to the termination notice.

64. As a direct and proximate result of the City's breach, BESD and Armstrong have suffered substantial damages including lost income, lost business opportunities, and relocation and storage costs.

**COUNT II — IMPLIED MUNICIPAL LIABILITY**

65. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

66. A municipality is responsible to the people it serves and has a duty to exercise its governmental functions in a manner that does not arbitrarily or unfairly injure those under its jurisdiction.

67. Where a municipality has obtained money of another without authority of law, "it is her duty," . . . "to refund it, not from any contract entered into by her on the subject, but from the natural obligation to do justice, which binds all persons, whether natural or artificial. If the city obtain other property which does not [belong] to her, it is her duty to restore it; or, if used by her, to render an equivalent to the true owner, from the like obligations. The law, which always intends justice, implies a promise." *Loring v. St. Louis*, 10 Mo. App. 414, 421 (Mo. App. 1881).

68. The doctrine of implied municipal liability applies to cases "where money or other property of a party is received under such circumstances that the general law, independent of express contract, imposes the obligation upon the city to do justice with respect to the same." *Id.* at 421-422. "The same obligations to do justice rest upon her as rest upon individuals." *Id.*

69. As a result of the City's failure to enforce its lease obligations equitably and to ensure that all commercial, for-profit tenants paid their proportionate share of real estate taxes, BESD was compelled to pay real estate taxes that should have been apportioned among multiple tenants.

70. The City and St. Louis County's collection and retention of real estate tax payments from BESD and Armstrong, while failing to collect proportionate shares from other similarly situated tenants, constitutes an unlawful and inequitable exaction of funds from BESD and Armstrong.

71. Under the principles established in *Loring,* 10 Mo. App. 414, the City and St. Louis County are liable to BESD and Armstrong for the excess real estate taxes they paid because of the City's failure to equitably enforce the lease requirements.

72. As a direct and proximate result of the City's failure to discharge its duty to BESD and Armstrong, Plaintiffs have suffered damages including lost income, lost business opportunities, relocation costs, emotional distress, and other economic harm.

**COUNT III — FRAUD/FRAUDULENT MISREPRESENTATIONS**

73. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

74. In December 2024, the City, Defendant William Bales, acting as City Manager, made representations to Armstrong that the City would hold a meeting with Armstrong after January 2025 to address the real estate tax issue after Defendant William Bales and the City's attorneys conference.

75. Defendant William Bales made these representations with the intent that Armstrong rely upon them and refrain from taking legal action or other steps to protect his and BESD's interests.

76. These representations were false because Defendants had no intention of holding such a meeting or resolving the real estate tax issue.

77. When Defendant William Bales made these representations, he knew they were false or made them with reckless disregard for their truth.

78. Armstrong reasonably relied on Defendant William Bales's representations and delayed taking legal action or other protective measures.

79. In March 2025, Armstrong renewed his Wholesale Bakery Business License and continued operations.

80. The St. Louis County Assessor directed Armstrong to address the tax issue with the City.

81. The timing and circumstances of the lease termination demonstrate that Defendants never intended to resolve the real estate tax issue or treat Armstrong and BESD equitably.

82. As a direct and proximate result of Defendants' fraudulent representations, including the false promises made by Defendant William Bales, Plaintiffs suffered damages including the loss of the Leased Premises, lost income, lost business opportunities, relocation costs, and other economic harm.

**COUNT IV — NEGLIGENT MISREPRESENTATIONS**

83. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

84. In December 2024, the City, Defendant William Bales, acting as City Manager, made representations to Armstrong that the City would hold a meeting with Armstrong after January 2025 to address the real estate tax issue after Defendant William Bales and the City's attorneys conference.

85. Defendant William Bales made these representations with the intent that Armstrong rely upon them and refrain from taking legal action or other steps to protect BESD's interests.

86. Defendants failed to exercise reasonable care because these representations were false. Defendants had no intention of holding such a meeting or resolving the real estate tax issue.

87. Armstrong reasonably relied on Defendant William Bales's representations and delayed taking legal action or other protective measures.

88. In March 2025, Armstrong renewed his Wholesale Bakery Business License and continued operations.

89. The timing and circumstances of the lease termination demonstrate that Defendants never intended to resolve the real estate tax issue or treat BESD equitably.

90. As a direct and proximate result of Defendants' negligent representations, including the false promises made by Defendant William Bales, Plaintiffs suffered damages including the loss of the Leased Premises, lost income, lost business opportunities, relocation costs, and other economic harm.

**COUNT V — 42 U.S.C. SECTION 1983**

91. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

92. At all times relevant to this Complaint, Defendant David Campbell, Defendant Hardy Menees, Defendant William Bales, Defendant Robert Menees, and Defendant Chase Wellington were persons acting under color of state law within the meaning of 42 U.S.C. § 1983.

93. The Fourteenth Amendment to the United States Constitution prohibits states from denying any person the equal protection of the laws.

94. Defendants, acting under color of state law, intentionally treated Armstrong differently from other similarly situated tenants of the City-owned property at 8762 St. Charles Rock Road with respect to real estate tax obligations.

95. While Armstrong was required to pay and did pay BESD's proportionate share of real estate taxes, other commercial for-profit tenants in the same building were not required to pay their proportionate share of real estate taxes.

96. There was no rational basis for treating Armstrong differently from other similarly situated commercial tenants with respect to real estate tax obligations.

97. Defendants' differential treatment of Armstrong was intentional and motivated by arbitrary or discriminatory reasons.

98. Armstrong and Don W. Cook, Sr., African American businessmen, were the only tenants at 8762 St. Charles Rock Road who were obligated to pay real estate taxes.

99. Defendants terminated BESD's lease in retaliation for BESD's complaints about unequal treatment.

100. Defendants' actions deprived Armstrong of his rights, privileges, and immunities secured by the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

101. Defendants are not entitled to qualified immunity because their actions were not discretionary.

102. The City is also liable because it maintained a policy, custom, or practice of failing to provide accurate information to St. Louis County taxing authorities regarding tenants of City-owned property, resulting in inequitable tax burdens on certain tenants, including Armstrong and BESD.

103. No comprehensive remedial scheme addresses the injury suffered by Armstrong.

104. As a direct and proximate result of Defendants' violations of 42 U.S.C. § 1983, Armstrong has suffered damages including lost income, lost business opportunities, relocation costs, emotional distress, and other economic harm.

**DEMAND FOR JURY TRIAL**

105. Plaintiffs demand a jury trial on all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their favor and against Defendants as follows:

a. For compensatory damages in an amount to be determined at trial for economic losses, including lost income, lost business opportunities, relocation costs, and other pecuniary harm;

b. For compensatory damages in an amount to be determined at trial for non-economic losses, including emotional distress, mental anguish, and damage to reputation;

c. For punitive damages in an amount to be determined at trial.

d. For Plaintiffs' reasonable attorneys' fees and costs to the extent permitted by law or Article 13.2 of the Lease Agreement;

e. For pre-judgment and post-judgment interest as permitted by law; and

f. Granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Charlisa Gaines

Charlisa J. Gaines

Missouri Bar No. 75987
**Pending admission *Pro Hac Vice***
Right Gaines Law
P.O. Box 10276
Columbia, MO 65205
(573) 255-8063
info@rightgaineslaw.com
*Attorney for Plaintiffs*